UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

JOSE GONZALO SIBRIAN LOPEZ,

    Petitioner,

v.

MARKWAYNE MULLIN, et al.,

    Respondents.

No. 6:26-CV-157-H

## ORDER

The Fifth Circuit held recently that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Jose Gonzalo Sibrian Lopez, a native and citizen of El Salvador, is one such alien, having illegally entered the United States over 19 years ago. His habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands his immediate release or a bond hearing based on the text of the INA, the Fifth Amendment, the APA, and the Suspension Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Sibrian Lopez's claim based on the INA is foreclosed. His remaining claims fail on the merits. Procedural due process does not require his release or a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Sibrian Lopez are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned. Sibrian Lopez's Suspension Clause and APA claims fail, too. The petition (Dkt. No. 1) is denied.

## 1.   Background

Sibrian Lopez illegally entered the United States in 2007.  Dkt. No. 1 ¶ 17.  On March 17, 2026, he was arrested by immigration officials and placed into removal proceedings with a Notice to Appear.  Dkt. No. 8 at 2.  The NTA charged him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  *Id.* at 3; *see* 8 U.S.C. § 1182(a)(6)(A)(i).

Sibrian Lopez is held without bond.  Dkt. No. 1 ¶ 18.  That is because the Board of Immigration Appeals' opinion in *Matter of Yajure Hurtado* holds that aliens present in the United States without admission must be detained without bond under 8 U.S.C. § 1225(b)(2)(A) for the duration of their removal proceedings.  29 I. & N. Dec. 216, 220 (BIA 2025).

Sibrian Lopez filed a petition for a writ of habeas corpus.  Dkt. No. 1.  The petition states four claims for relief.  His first claim contends that his detention violates his rights under the Fifth Amendment's Due Process Clause.  *Id.* ¶¶ 32–39.  He asserts in his second claim that his continued detention without a bond hearing constitutes arbitrary and capricious agency action under the APA.  *Id.* ¶¶ 40–48.  In his third claim, he argues that the lack of individualized review for his claims violates the Constitution's Suspension Clause. *Id.* ¶¶ 49–57.  Finally, he presents a statutory claim—presented to preserve the argument for appeal—that his detention is unlawful under the INA.  *Id.* ¶¶ 58–59.

As explained below, Sibrian Lopez's statutory claim is foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225.  *See* 166 F.4th at 498.  There,

the Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 754 (N.D. Tex. 2026)).[1]

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th

---

[1] At the time of the petition's filing, Sibrian Lopez was detained at Eden Detention Center in Eden, Texas. Dkt. No. 1 ¶ 12. ICE's Online Detainee Locator System indicates that he has since been transferred to Diamondback Correctional Center in Watonga, Oklahoma. However, "[p]ersonal jurisdiction and venue are determined at the outset of litigation and are not affected by subsequent events." *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003); *see also Moler v. Wells*, 18 F.4th 162, 166 n.7 (5th Cir. 2021). Thus, the Court retains jurisdiction over Sibrian Lopez's petition.

Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Sibrian Lopez raises four claims in his habeas petition. Dkt. No. 1 ¶¶ 32–59. The claims run the gamut; they include a statutory claim under the INA, a claim based on the Fifth Amendment, an APA claim, and a claim alleging a violation of the Suspension Clause. *Id.* As explained below, *Buenrostro-Mendez* forecloses Sibrian Lopez's first claim. And the Court has considered whether the Due Process Clause[2] and the APA[3] entitle illegal aliens to individualized bond hearings in numerous prior cases. Even so, the Court considers the arguments raised in Sibrian Lopez's petition to address whether he is entitled to release or a bond hearing on any of his remaining claims. The answer is no.

### A.    Because the Court assumes jurisdiction over Sibrian Lopez's petition, the Suspension Clause is not implicated.

As a preliminary matter, the Court exercises its statutory jurisdiction under 28 U.S.C. § 2241 to address the merits of Sibrian Lopez's petition. Sibrian Lopez's assertion that the respondents have "eliminate[d] all avenues of meaningful judicial review" is therefore puzzling. Dkt. No. 1 ¶ 51. He does not explain, for example, which jurisdiction-stripping provision of the INA might be implicated by his claims, such that review would be unavailable. Section 1252(g) "does not bar courts from reviewing an alien detention order, because such an order, while intimately related to efforts to deport, is not itself a decision to

---

[2] *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez*, 2026 WL 114418; *Garibay-Robledo*, 814 F. Supp. 3d at 754; *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Zuniga v. Lyons*, 814 F. Supp. 3d 685 (N.D. Tex. 2025).

[3] *See, e.g.*, *Garibay-Robledo*, 814 F. Supp. 3d at 760.

execute removal orders." *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000) (internal quotation marks omitted). And the Supreme Court in *Jennings v. Rodriguez* rejected the respondents' proposed reading of the INA's jurisdiction-stripping provisions because it would "make claims of prolonged detention effectively unreviewable." 583 U.S. 281, 293 (2018). Seeing no merit to Sibrian Lopez's Suspension Clause claim, the Court turns to the four remaining claims. *See also Livas v. Myers*, 455 F. Supp. 3d 272, 278 n.9 (W.D. La. 2020) (noting that "no cause of action arises under the Suspension Clause itself").

### B.    *Buenrostro-Mendez* forecloses Sibrian Lopez's INA claim.

Sibrian Lopez challenges his detention as unlawful under the INA. Dkt. No. 1 ¶¶ 58–59. But he is an "applicant for admission" within the meaning of Section 1225(a)(1). Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Sibrian Lopez is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 166 F.4th at 498. Thus, Sibrian Lopez's INA claim fails.[4]

---

[4] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.2.

C.      **The Fifth Amendment does not require the government to give Sibrian Lopez a bond hearing.**

Next is Sibrian Lopez's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 ¶¶ 32–39. He argues that the "categorical denial of any individualized custody determination violates procedural due process." *Id.* ¶ 39. But he is not entitled to relief.

As an "applicant for admission," Sibrian Lopez has "only those rights regarding admission that Congress has provided by statute." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Sibrian Lopez is not entitled to release.

Despite this, Sibrian Lopez's claim relies instead on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 at 13. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to

immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, 814 F. Supp. 3d. 712, 725 (N.D. Tex. 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. at 32–34). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[ ] a privilege and [have] no constitutional rights." *Id.*; *Thuraissigiam*, 591 U.S. at 138–39 ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted). Critically, aliens who are released into the United States pending removal "are treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139 (internal quotation marks omitted); *see* 8 U.S.C. § 1182(d)(5)(A) (noting that paroled aliens are not admitted and are "dealt with in the same manner as that of any other applicant for admission to the United States"); 8 C.F.R. § 1.2 (same).

Here, Sibrian Lopez illegally entered the United States many years ago. He remains in the United States without admission. Therefore, he is entitled to nothing more than the "limited form of process" that is offered by the respondents under their current deportation policy. *Ladak*, 814 F. Supp. 3d. at 726. With Section 1225, Congress set the procedural rights afforded aliens who are present in the United States without admission. "Read most

naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297.  No part of the statute "says anything whatsoever about bond hearings." *Id.*  Accordingly, Sibrian Lopez is not entitled to a bond hearing as a matter of procedural due process.

> **D.  The APA precludes judicial review of Sibrian Lopez's claim.**

Finally, Sibrian Lopez argues that "[h]abeas relief is warranted to remedy . . . unlawful agency conduct." Dkt. No. 1 ¶ 48.  But Section 704 of the APA states, in no uncertain terms, that "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." 5 U.S.C. § 704 (emphasis added).  Because Sibrian Lopez requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA.  Moreover, the Supreme Court recently held that "where an alien detainee's claims 'necessarily imply the invalidity of their confinement' these claims must be brought in habeas." *P.B. v. Bergami*, No. 3:25-CV-2978, 2025 WL 3632752, at *9 (N.D. Tex. Dec. 13, 2025) (O'Connor, C.J.) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025)).  The APA thus does not provide for judicial review of his claim.

> **4.  Conclusion**

In short, Sibrian Lopez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498.  The Fifth Amendment does not require his release in these circumstances, nor does the APA, the Suspension Clause, or the INA.  Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

– 9 –

So ordered on June 15, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE